**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM ROYSTER,

                                  Petitioner,

      - v -                                                 Civ. No. 9:15-CV-790
                                                            (TJM/DJS)

WILLIAM A. LEE, *Superintendent*,

                                  Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

WILLIAM ROYSTER
Petitioner, *Pro Se*
11-A-5331
Eastern Correctional Facility
Box 338
Napanoch, NY 12458

HON. ERIC T. SCHNEIDERMAN              LISA E. FLEISCHMANN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On June 10, 2015, *pro se* Petitioner William Royster filed a Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, challenging a 2011 conviction, in New York State Supreme Court, Albany County, of Burglary in the Second Degree (N.Y. PENAL LAW § 140.25(2)), Petit Larceny (N.Y. PENAL LAW § 155.25), Criminal Possession of Stolen Property in the Third Degree (N.Y. PENAL LAW § 165.50), and Criminal Possession of Stolen Property in the Fifth Degree (N.Y. PENAL LAW § 165.40). Dkt. No. 1, Pet. For the reasons that follow, the Court recommends that the

Petition be **denied** and **dismissed.**

## I. BACKGROUND

### A. Petitioner's Conviction in Albany County Court

On December 8, 2010, Petitioner was indicted by an Albany County grand jury on an eight count indictment in connection with the theft of a motor vehicle and two residential burglaries. The charges included Burglary in the Second Degree (two counts), in violation of § 140.25(2) of the N.Y. PENAL LAW ("PENAL LAW"), Petit Larceny (two counts), in violation of PENAL LAW § 155.25, Possession of Burglar Tools, in violation of PENAL LAW § 140.35, Criminal Possession of Stolen Property in the Fifth Degree, in violation of PENAL LAW § 165.40, Criminal Possession of Stolen Property in the Third Degree, in violation of PENAL LAW § 165.50, and Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of PENAL LAW § 220.03. Dkt. No. 11, State Court R. [hereinafter "R."] at pp. SR 73-80. Petitioner was arraigned before the New York State Supreme Court, Albany County, and a plea of not guilty was entered on his behalf. Dkt. No. 11-1,[1] Arraignment Tr., dated Dec. 13, 2010, at p. 4 & Arraignment Tr., dated Mar. 11, 2011, at p. 3. On September 6, 2011, a jury trial commenced before the Honorable Stephen W. Herrick, Albany County Court Judge. Trial Tr.

The facts that comprise Petitioner's conviction took place over the course of several days in the month of June 2010, in the Cities of Albany and Cohoes, New York. During this time, several families reported that property had been taken from their homes. On June 8, 2010, Tammy Zullo

---

[1] Docket entry number 11-1 includes transcripts for the following proceedings: Arraignment Tr., dated Dec. 13, 2010; Plea Offer Rejection Tr., dated Dec. 30, 2010; Arraignment Tr., dated Mar. 11, 2011; Plea Rejection Tr., dated Mar. 25, 2011; *Dunaway* Hr'g Tr., dated May 23, 2011; *Sandoval* Hr'g Tr., dated June 23, 2011; Counsel Appearance, dated Sept. 2, 2011; Trial Tr., dated Sept. 6 & 7, 2011. The Trial Transcript continues through docket entry number 11-2, which includes transcripts for the following proceedings: Trial Tr., dated Sept. 7, 8, & 9, 2011; Sentencing Hr'g Tr., dated Nov. 23, 2011.

heard a strange noise in her kitchen; the next morning, she discovered that her purse was missing from where she had left it in the kitchen. Trial Tr. at pp. 288-92. The purse was located in an alley beside her house with certain contents missing. *Id.* On June 24, 2010, Karen Foley discovered that her 2006 Honda Accord was missing. *Id.* at pp. 267-69. On the morning of June 26, 2010, Jason Gagnon noticed that his cell phone, iPod, and other items were missing. *Id.* at p. 245.

On June 26, 2010, Cohoes police responded to a call from a Mr. Terrence Hull, the building manager of a tenement house, regarding an individual in the basement of the building who refused to leave. *Id.* at p. 194. Upon arriving at the building and entering the basement, Officer Brett Smith observed Petitioner "boxing the wall," and sweating profusely with bloody knuckles. *Id.* at p. 195. He also observed a needle on the counter top "that had just been plunged . . . [with] blood on it," and a belt that had been cinched into a loop on the floor. *Id.* When Officer Smith attempted to converse with Petitioner, he kept "talking in circles" and was incoherent in his speech. *Id.* at p. 196. Petitioner eventually agreed to leave the building, which he did on foot. *Id.* at pp. 196-97. After Petitioner had left, Officer Smith learned that Petitioner had arrived at the building in a vehicle, a 2006 Honda Accord. *Id.* at pp. 197 & 212. Upon running the license plate of the 2006 Honda Accord, Officer Smith learned that it was a stolen vehicle out of Albany, and contacted the City of Albany police. *Id.* at p. 197. The Albany police informed Officer Smith that there was an arrest warrant for Petitioner in connection with that vehicle. *Id.* at p. 198. In the early morning hours of June 27, 2010, Petitioner was arrested. *Id.* A screwdriver, iPod, iPod charger, and car key to the 2006 Honda Accord were found on his person. *Id.* at pp. 201-03 & 236-38.

At the conclusion of the trial, the jury returned a verdict of guilty of Burglary in the Second Degree (one count); Petit Larceny (two counts); Criminal Possession of Stolen Property in the Third-

and Fifth-Degrees; and Possession of Burglar's Tools. *Id.* at 479-83.

Following the guilty verdict, Petitioner filed a *pro se* motion, pursuant to New York Criminal Procedure Law ("CPL") § 330.30, to set aside the verdict, on the following grounds: (1) the prosecution failed to establish the chain of custody linking him to the alleged stolen items; and (2) the jury should have been instructed to find, beyond a reasonable doubt, either that Petitioner "participated in the actual theft of the property or knowingly received it after it was stolen." R. at pp. SR 303-06. On November 4, 2011, the County Court denied Petitioner's motion, without prejudice, on the basis that it should have been made by Petitioner's counsel. *Id.* at pp. 307-08. On November 23, 2011, during Petitioner's sentencing hearing, Petitioner's counsel made an oral CPL § 330.30 motion, on the ground that the evidence adduced at trial was legally insufficient to sustain the convictions. Sentencing Hr'g Tr., dated Nov. 23, 2011, at p. 10. The Court denied the § 330.30 motion and sentenced Petitioner, as a second felony offender, to an aggregate prison term of seventeen to twenty years and five years of post-release supervision. *Id.* at pp. 14-16.

### B. Direct Appeal

On February 27, 2013, Petitioner's appellate counsel filed a brief in the Appellate Division, Third Department. R. at pp. SR 1-70. In the brief, counsel raised the following contentions: (1) the evidence was legally insufficient and the verdict was against the weight of the evidence; (2) the trial court erred in not precluding evidence of the value of the Honda Accord under PENAL LAW § 450.10(4)(a); (3) the trial court erred in permitting the introduction of evidence of Petitioner's prior uncharged crimes and/or bad acts; (4) the trial court's *Sandoval* ruling was erroneous; and (5) the sentence was harsh and excessive. *Id.*

On June 27, 2013, the Appellate Division modified Petitioner's judgment of conviction,

reversing Petitioner's convictions of petit larceny (one count) and possession of burglar tools. *People v. Royster*, 967 N.Y.S.2d 533 (N.Y. App. Div. 2013). The Appellate Division concluded that the weight of the evidence did not support a finding that Petitioner stole the phone from the Zullo home, nor did it support a finding that Petitioner "had used the screwdriver in a manner evidencing an unlawful intent." *Id.* at 536. The Appellate Division otherwise affirmed Petitioner's conviction. *Id.* at 536-38. On July 3, 2013, Petitioner's counsel sought leave to appeal to the Court of Appeals. R. at pp. SR 444-45. On October 7, 2013, the Court of Appeals denied leave to appeal. *People v. Royster*, 22 N.Y.3d 958 (2013).

### C. Collateral Appeals

On January 30, 2012, Petitioner filed a *pro se* motion to vacate the judgment, pursuant to CPL § 440.10(1)(d), raising ineffective assistance of trial counsel, as well as the two grounds he raised in his earlier *pro se* § 330.30 motion. R. at pp. SR 459-66. On March 6, 2012, the County Court denied the motion, *id.* at pp. SR 467-69, and on January 28, 2014, the Appellate Division, Third Department, denied Petitioner leave to appeal, *id.* at p. SR. 447.

On April 29, 2013, Petitioner filed a second *pro se* motion to vacate the judgment, pursuant to CPL § 440.1(1)(a), on the ground that the trial court lacked jurisdiction because the felony complaint was facially insufficient. R. at pp. SR 491-99. On May 14, 2013, the County Court denied the motion. *Id.* at pp. SR 508-10.

On December 16, 2014, Petitioner filed a third *pro se* motion to vacate the judgment, pursuant to CPL § 440.1(1)(h). R. at pp. SR 522-40. In that motion, Petitioner argued that: (1) trial counsel was ineffective due to his failure to request an intoxication instruction; and (2) the trial court erred in failing to deliver, *sua sponte*, an intoxication instruction to the jury. *Id.* Petitioner argued

that the evidence presented during trial demonstrated he was under the influence of drugs at the time of arrest and, therefore, had the jury received an intoxication instruction, there was a reasonable possibility that he would have been acquitted because he did not possess the requisite *mens rea* to establish the elements of the offenses charged in the indictment. *Id.* at pp. SR 527-30.

On February 18, 2015, the County Court denied the motion, based on the following reasons. *Id.* at pp. SR 583-85. First, because Petitioner could have raised these issues in his prior Article 440 motions, they were barred pursuant to CPL § 440.10(3)(c). *Id.* at p. SR 584. Second, the claims were also barred under CPL § 440.10(2)(c) because they were based upon facts that appeared in the record, and therefore could have been raised on direct appeal. *Id.* at pp. 584-85. Third, Petitioner's motion was subject to denial under CPL § 440.30(4)(d) because it was entirely based on "unsupported conclusory allegations." *Id.* at p. SR 585. Finally, the Court noted that it considered Petitioner's remaining arguments and found them to be without merit. *Id.* Petitioner sought leave to appeal, *id.* at pp. SR 512-20, which the Appellate Division, Third Department, denied on April 16, 2015, *id.* at p. SR 588.

On April 6, 2015, Petitioner filed a *pro se* motion for a writ of error *coram nobis* in the Third Department. *Id.* at pp. SR 590-604. Petitioner argued that his appellate counsel was ineffective because he failed to assert that: (1) trial counsel was ineffective due to his failure to request an intoxication instruction; and (2) the trial court erred in failing to deliver, *sua sponte*, an intoxication instruction to the jury. *Id.* The Third Department denied the motion on May 21, 2015. *Id.* at p. SR 681. Petitioner sought leave to appeal to the Court of Appeals, which was denied on August 6, 2015. *People v. Royster*, 26 N.Y.3d 934 (2015).

### D. Summary of the Petition

Liberally construed, the Petition raises the following claims for relief: (1) trial counsel was ineffective because he failed to request an intoxication instruction be provided to the jury (Ground One), and (2) the trial court denied Petitioner his right to a fair trial and due process of law in failing to deliver, *sua sponte*, an intoxication instruction to the jury (Ground Two). *See generally* Pet.

## II. DISCUSSION

Respondent argues that Petitioner's *habeas* petition should be dismissed, as Petitioner's claims are procedurally barred because of the CPL § 440 court's reliance on adequate and independent state-law grounds, specifically, CPL §§ 440.10(2)(c) and 440.10(3)(c). Dkt. No. 10-1, Resp't's Mem. Of Law at pp. 13-15. Respondent additionally argues that the CPL § 440 court's alternative merits denial of these claims was neither contrary to nor an unreasonable application of Supreme Court law. *Id.* at pp. 15-25.

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merit of the claim and such adjudication either

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by the[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)).

### B. Procedural Default

Federal habeas review of a state-court conviction is generally prohibited if a state court rested its judgment on a state procedural requirement that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (explaining that under *Wainwright v. Sykes*, 433 U.S. 72 (1977), "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim"); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). In the context of habeas review, "the application of independent and adequate state ground doctrine is grounded in concerns of comity and federalism." *Id.* at 730. "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman v. Thompson*, 501 U.S. at 732.

In this case, Petitioner raised both of his *habeas* claims in his third CPL § 440 motion. *See* R. at pp. SR 522-40. The County Court held that these claims were procedurally barred under CPL §§ 440.10(2)(c) and CPL 440.10(3)(c). *Id.* at pp. SR 583-85. Specifically, the County Court held that the claims were procedurally barred because Petitioner could have raised them in his earlier Article 440 motions (CPL § 440.10(3)(c)), and furthermore, the claims were based upon facts that were in the record, and therefore, could have been raised on direct appeal (CPL § 440.10(2)(c)). *Id.* The County Court "explicitly" invoked these procedural rules as the basis for its decision and thus, they constitute an "independent" state ground. *Harris v. Reed* 489 U.S. at 264 n.10. Furthermore, numerous courts in this Circuit have found both CPL §§ 440.10(2)(c) and 440.10(3)(c) are "adequate" state procedural rules that bar *habeas* review. *See, e.g.*, *Murden v. Artus*, 497 F.3d 178,

193 (2d. Cir. 2007) (citing cases where district courts have found § 440.10(3)(c) adequate to bar *habeas* review); *Id.* at 196 ("Where the basis for a claim of ineffective assistance of counsel is well established in the trial record, a state court's reliance on subsection (2)(c) provides an independent and adequate procedural bar to federal habeas review.").

Petitioner raises several arguments urging the Court that the procedural bars relied upon by the County Court are neither independent nor adequate to preclude its review of his claims on the merits. *See* Dkt. No. 13-1, Pet'r's Mem. of Law at pp. 4-5. First, Petitioner argues that § 440.10(2)(c) did not provide an adequate procedural bar to his ineffective assistance of counsel claim because that claim was based upon off-record matters; specifically, "the reason" why his counsel failed to request an intoxication instruction. *Id.* at p. 4. Notwithstanding the fact that the County Court also relied upon § 440.10(3)(c), which numerous district courts have found adequate to bar *habeas* review, *see Rosario v. Bennett*, 2002 WL 31852827, at *21 (S.D.N.Y. Dec. 20, 2002), Petitioner's contention regarding § 440.10(2)(c) is misguided. In the context of ineffective assistance of counsel claims based upon failure to request a particular jury instruction, the Second Circuit has held that such claims are properly determined upon the trial record. *See Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)). Therefore, § 440.10(2)(c) was an adequate procedural bar as to Petitioner's ineffective assistance of counsel claim.

Petitioner next urges the Court to disregard the procedural bars relied upon by the County Court because of its alternative ruling finding Petitioner's claims to be "without merit." Pet'r's Mem. of Law at p. 4. However, "a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine

requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even where the state court also relies on federal law." *Harris v. Reed*, 489 U.S. at 264 n.10; *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."). Finally, Petitioner argues that the Appellate Division's decision on his motion for a writ of error *coram nobis* was effective to lift any procedural bars relied upon by the County Court under *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Pet'r's Mem. of Law at p. 5. Petitioner's motion for a writ error *coram nobis*, however, did not raise either of the present claims.

Petitioner's claims are therefore procedurally defaulted. A federal habeas court may nonetheless consider a procedurally defaulted claim if "the habeas petitioner can demonstrate 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. at 749-50. To establish legal cause for his or her procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the state's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Ineffective assistance of counsel may constitute cause for a procedural default; however, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Here, although Petitioner filed a motion for a writ of error *coram nobis* contending that his appellate counsel was ineffective for not raising the claims contained herein, R. at pp. SR 590-604, he has not asserted that claim as a separate claim in his Petition here, and therefore cannot establish that he was

denied constitutionally effective assistance of appellate counsel. Thus, it follows that Petitioner cannot assert ineffective assistance of appellate counsel as cause for his procedurally defaulted claims. Accordingly, the Court need not address prejudice. *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985). Additionally, Petitioner does not offer any new evidence indicating his actual innocence.

For the foregoing reasons, the Court recommends that the Petition be **denied** on the ground that Petitioner's claims are procedurally barred.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Date:   June 6, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge