**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**WILLIAM ROYSTER**

                                **Petitioner,**

      **-v-**                                                                **9:15-cv-00790**

**WILLIAM A. LEE,** *Superintendent***,**

                                  **Respondent.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 was referred to the Hon. Daniel J. Stewart, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4. In his June 6, 2017 Report-Recommendation and Order, dkt. # 14, Magistrate Judge Stewart recommends that the petition be denied and dismissed on the grounds that the Petitioner's claims are procedurally barred. Id. pp. 12. Petitioner filed objections to the Report-Recommendation and Order. See Obj., dkt. # 15.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v.

Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ecole, 2011 WL 3809920, at *2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); Dipilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp.2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(c) .

## III.    DISCUSSION

The Court has considered Petitioner's objections and completed a *de novo* review of those portions of Magistrate Judge Stewart's Report and Recommendation to which specific objections were made.

In his original memorandum to this Court, the Petitioner argued, *inter alia*, that New York Criminal Procedure Law ("CPL") § 440.10(2)(c) did not serve as an adequate procedural bar to his ineffective assistance of counsel claim because the reason his counsel failed to request an intoxication

2

instruction was due to matters outside the record. See Dkt. # 13-1, Pet'r's Mem. Of Law at pp. 4–5; see also N.Y. CPL § 440.10(2)(c).[1] In his objections, Petitioner addresses a recent Second Circuit case where the Court found the CPL § 440.10(2)(c) procedural bar inadequate after applying three considerations from Court precedent. See Pierotti v. Walsh, 834 F.3d 171, 177 (2d. Cir. 2016). These three considerations are used to determine the adequacy of a state ground that is "firmly established and regularly followed." Id. (citing Ford v. Georgia, 498 U.S. 411, 423–24 (1991)). The Court applied the second of the three considerations because the issue at hand was in "assessing the contours of the state court's denial of collateral review because of a petitioner's failure to raise an issue on direct appeal." Id. (citing Fulton v. Graham, 802 F.3d 257, 262–63 (2d Cir. 2015)). The second consideration asks "whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented." Id. (citing Cotto v. Herbert, 331 F.3d 217 (2d. Cir. 2003)). The Second Circuit noted that Pierotti's "claim ultimately turn[ed] on facts appearing outside the [court's] record." Id. at 179. Under these circumstances, the Second Circuit held that CPL § 440.10(2)(c) was inadequate to bar federal *habeas* review of Pierotti's claim because the weight of New York State court precedent indicated that the rule was not ordinarily applied when the claim is based on out-of-court matters. Thus, the Circuit Court concluded that to apply CPL § 440.10(2)(c) in that case would result in an "exorbitant application of the state rule." Id. at 180.

---

[1] Section 440.10(2)(c) provides:

[T]he court must deny a motion to vacate a judgment when ... [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to ... raise such ground or issue upon an appeal actually perfected by him....

N.Y. CPL § 440.10(2)(c).

3

However, Pierotti is plainly distinguishable from the instant case.

Petitioner argues in his objections that "sufficient evidence was presented during the state proceedings to warrant an intoxication charge to the trial jury," see Obj., dkt. # 15 at 5, thereby confirming the state court's application of CPL § 440.10(c)(2). See Rep. Rec. & Ord., p. 9.[2] Thus, unlike in Pierotti, the basis for Petitioner's *habeas* claim can be found in the record. That being the case, Magistrate Judge Stewart correctly concluded that CPL § 440.10(2)(c) "was an adequate procedural bar as to Petitioner's ineffective assistance of counsel claim." Rep. Rec.& Ord., p. 10.

Although Magistrate Judge Stewart did not reach the issue addressed in Pierotti, he had no reason to because, as the state court concluded and Petitioner now argues, the basis for the sought-after jury instruction existed on the record. Simply stated, Petitioner's ineffective assistance of counsel claim for failure to request an intoxication instruction could be determined on the evidence contained in the record and, therefore, application of CPL § 440.10(2)(c) was proper and did not result in an "exorbitant application of the state rule." Pierotti, 834 F.3d at 180.

Petitioner also contends that because the state court did not hold an evidentiary hearing on his CPL § 440.10 motion, this Court owes no deference to the state court's decision. See Obj., dkt #15 at 5; see also R. at pp. SR 681 (The Third Department stated that "not every motion made pursuant to Criminal Procedure Law section 440 requires a hearing to develop the facts."). However, as

---

[2]As Magistrate Judge Stewart wrote:

In this case, Petitioner raised both of his *habeas* claims in his third CPL § 440 motion. *See* R. at pp. SR 522-40. The County Court held that these claims were procedurally barred under CPL §§ 440.10(2)(c) and CPL 440.10(3)(c). Id. at pp. SR 583-85. Specifically, the County Court held that the claims were procedurally barred because Petitioner could have raised them in his earlier Article 440 motions (CPL § 440.10(3)(c)), and furthermore, the claims were based upon facts that were in the record, and therefore, could have been raised on direct appeal (CPL § 440.10(2)(c)). Id.

4

Magistrate Judge Stewart correctly recognized, "[b]y its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even where the state court also relies on federal law." Rep. Rec., pp. 11 (quoting Harris v. Reed, 489 U.S. 255, 264 n.10). Here, there was a sufficient basis for the state court to rule that Petitioner's CPL § 440.10 motions were procedurally barred because the Petitioner was in a prior position to adequately raise the issues underlying the motions and failed to do so. See R. at pp. SR 681; see N.Y. CPL § 440.10(3)(c).[3] Therefore, as Magistrate Judge Stewart stated, the Petitioner's ineffective assistance of counsel claim is procedurally barred under CPL § 440.10(3)(c) as well as CPL § 440.10(2)(c). See Rep. Rec., pp. 9–10.

## IV. CONCLUSION

Having considered all of Petitioner's objections and reviewed the issues *de novo*, the Court determines to accept Magistrate Judge Stewart's recommendations for the reasons stated above and in the June 6, 2017 Report-Recommendation and Order. Therefore, the Court **ACCEPTS and ADOPTS** the recommendations made by Magistrate Judge Stewart in the June 6, 2017 Report-Recommendation and Order, dkt # 14. For the reasons set forth therein, the *habeas* petition is **DENIED and DISMISSED**.

---

[3]Section 440.10(3)(c) provides:

> [T]he court may deny a motion to vacate a judgment when ... [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so. Although the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment.

N.Y. CPL § 440.10(3)(c).

The Court also finds that the petition presents no questions of substance for appellate review, and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R. App. P. 22(b). Accordingly, a **certificate of appealability will not issue**.

**IT IS SO ORDERED.**

Dated: September 21, 2017

Thomas J. McAvoy
Senior, U.S. District Judge